

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 9:13-CR-24(4) |
| | § | |
| TONY DORMAN HORTON | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Tony Dorman Horton, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #260) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on December 19, 2019, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.  That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.  That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

**A.  Procedural History**

On November 14, 2014, The Honorable Ron Clark of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Conspiracy to Manufacture 50 Grams or More of a Mixture of Methamphetamine, a Class B felony.  Judge Clark sentenced Mr. Horton to 66 months imprisonment, to be followed by four (4) years of supervision subject to the standard conditions of release, plus special conditions to include paying any financial penalty imposed by the judgment; financial disclosure; and drug testing and treatment for drug abuse. On May 17, 2019, Tony Dorman Horton completed his period of imprisonment and began service of the supervision term.

On June 17, 2019, Judge Clark modified Mr. Horton's conditions of supervised release to include mental health treatment.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following special condition of release:

*You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.*

Specifically, Mr. Horton failed to attend his scheduling counseling session as directed on October 2, 2019.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. If the case proceeded to a contested hearing, the Government would present testimony establishing that on October 2, 2019, Mr. Horton failed to attend his scheduled counseling session as required on October 2, 2019.

Defendant, Tony Horton, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to attend his counseling session in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised

release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by failing to attend mental health treatment as directed. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of IV and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 6 to 12 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not more than life. *See id.*

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation

4

of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed a Grade C violation of his supervision conditions by failing to attend mental health treatment as directed. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Tony Dorman Horton, to serve a term of **six (6) months** imprisonment.

The Court further recommends that, upon release from prison, the defendant serve a new term of **supervised release of three (3) years, to include a condition of six (6) months halfway house placement**. The new term of supervision should be subject to the same mandatory and standard conditions adopted by the Court and imposed in the original judgment of conviction, as well as the special conditions recommended by the United States Probation Office. The Court further finds that the special conditions stated in the judgment originally imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the Probation

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Office in conjunction with the petition to revoke. The Court additionally finds that the new special conditions recommended by the United States Probation Office are appropriate in this case and sufficiently tailored to Mr. Horton and his conduct. *See United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015)(requiring that special conditions be tailored to the individual defendant and supported by the record). The defendant admitted to using missing his mental health treatment appointment. The Government established this by a preponderance of the evidence and defendant pled true to the conduct. Mr. Horton also has a history of controlled substance abuse issues. Based on the circumstances, the Court agrees with the United States Probation Officer's recommended conditions.

Accordingly, the new term of supervised release should include the following conditions, as recommended by the United States Probation Office:

"You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

While on supervised release, you must not commit another federal, state, or local crime. You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two other periodic drug tests thereafter, as determined by the Court.

You must comply with the standard conditions that have been adopted by the Court. The Court finds the special conditions previously imposed by the Court are still relevant and are reimposed as follows:

You must pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

You must provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's efforts to obtain and maintain lawful employment.

You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any

cost associated with treatment and testing.

You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

You must reside in a residential reentry center or similar facility, in a community corrections component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. You must pay subsistence."

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 7th day of January, 2020.**

7

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE