**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | §  **CASE NUMBER 9:13-CR-24 (4)** |
| **v.** | § |
| | § |
| | § |
| | § |
| | § |
| **TONY DORMAN HORTON** | § |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed April 27, 2022, alleging that the Defendant, Tony Dorman Horton, violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Horton was sentenced on November 14, 2014, before The Honorable Ron Clark of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Manufacture 50 Grams or More of a Mixture of Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 60 to 71 months. Horton was subsequently sentenced to 66 months imprisonment followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include:

- The defendant shall pay any financial penalty that is imposed by the judgment.

- The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's efforts to obtain and maintain lawful employment.

- The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing.

## II.  The Period of Supervision

On May 17, 2019, Horton completed his period of imprisonment and began service of the supervision term.  On June 17, 2019, Horton's conditions of supervised release were modified as follows:

> Special Condition: You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

On January 30, 2020, the original term of supervised release was revoked. The court imposed a sentence of 6 months' imprisonment followed by 3 years supervised release.  On June 1, 2020, Horton completed his period of imprisonment and began service of the supervision term. Horton's new term of supervised release was subject to the standard conditions of supervision plus specials conditions to include:

- You must pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

- You must provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's efforts to obtain and maintain lawful employment.

- You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

- You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

- You must reside in a residential reentry center or similar facility, in a community correction component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. You must pay subsistence.

On June 10, 2021, Horton's second term of supervised release was revoked. The court imposed a sentence of 6 months' imprisonment followed by 1 year of supervised release. On November 19, 2021, Horton completed his period of imprisonment and began service of the supervision term. Horton's new term of supervised release was subject to the standard conditions of supervision plus special conditions to include:

- You must pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

- You must provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's efforts to obtain and maintain lawful employment.

- You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

- You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

On October 7, 2021, Horton's conditions of supervised release were modified as follows:

- You must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence at a time determined by the probation office and must abide by the rules of that facility. Should you obtain a residence approved by the probation office during the 180-day placement, you must be released.

- During the 180-day placement, the subsistence fees owed to the residential reentry center will be waived in full, but you will be required to pay 25% of your gross earnings toward a savings account.

Horton was able to obtain a suitable residence prior to his placement at the residential reentry center.

On January 25, 2022, the instant case was reassigned to The Honorable U.S. District Judge Marcia Crone. On March 4, 2022, Horton appeared before the court, after a warrant was issued for his arrest after violation his conditions of supervised release, and he agreed to have his conditions of supervised release modified, in lieu of revocation, as follows:

- You must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence at a time determined by the U.S. Probation Office. You must abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

### III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations. The petition alleges that he violated the following conditions of release:

Allegation 1. The Defendant must refrain from any unlawful use of a controlled substance. He must submit to one drug test within 15 days of release from

imprisonment and at least two periodic drug tests thereafter, as determined by the court.

Allegation 2. That the defendant must live at a place approved by the probation officer. If the plans change (such as the people you live with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Allegation 3. The Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Allegation 4. The Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise participation in the program. Defendant must pay any cost associated with treatment and testing.

Allegation 5. The Defendant must participate in a combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise the participation in the program. He must pay any cost associated with treatment and testing.

Allegation 6. Defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence at a time determined by the U.S. Probation Office. He must abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

## IV. Proceedings

On May 17, 2022, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the special allegation that claimed he failed to reside in a residential center or similar facility, in a community corrections component, for a period of 180 days. In return, the parties agreed that he should serve a term of six months' imprisonment, which includes 149 days' unserved community confinement, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class B felony, therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to reside in a residential reentry center as directed, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. §

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the policy statement imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. Horton absconded from

the County Rehabilitation Center on April 24, 2022, which leaves an unserved balance of 149 days.

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is Life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other

    corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to reside in a residential reentry center as directed. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is IV. The policy statement range in the Guidelines Manual is 6 to 12 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 6 months

(which includes 149 days of unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to reside in a residential reentry center as directed. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of six months' imprisonment (which includes 149 days' unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas. The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report. The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 25th day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge